**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 13-47-DLB**

**ANDREA M. DRYER**                                                                     **PLAINTIFF**

**VS.**                 **MEMORANDUM OPINION AND ORDER**

**CAROLYN COLVIN, Commissioner of
the Social Security Administration**                           **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I. INTRODUCTION

This matter is before the Court on Plaintiff's and Defendant's cross motions for summary judgment. (Docs. # 10 & 13). For the reasons stated below, the Commissioner's administrative decision was not supported by substantial evidence, necessitating a remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Andrea M. Dryer is a resident of Ft. Mitchell, Kentucky. (Doc. # 7-1, at 7). For at least 25 years, she worked as a nurse anaesthetist, (*Id.* at 236-38), though since 2001, a herniated disc has caused Dryer considerable pain. (*Id.* at 15). In 2004, she injured her neck while performing CPR on a patient. (*Id.*) Shortly thereafter, Plaintiff took a medical leave of absence.

In addition to these physical ailments, Plaintiff also alleges that she suffers from severe depression. She has sought treatment for this condition and has been prescribed medication, including Cymbalta. (*Id.* at 16).

1

In 2006, Plaintiff applied for disability benefits under the Social Security Act. Her application was denied initially and after a 2008 hearing before ALJ Kaysar. (*Id.* at 157). While she appealed that decision, she filed a new application for disability benefits. (*Id.* at 12). That second application was granted the day after ALJ Kaysar issued a written opinion rejecting her first application. (*Id.*) The Social Security Appeals Council then consolidated her first application with the second one. (*Id.*) That consolidated matter was heard before ALJ Smith, who rejected Plaintiff's claims on October 5, 2011. (*Id.*) Having exhausted her administrative remedies, Plaintiff now brings this appeal of the ALJ's decision.

### III.   STANDARD OF REVIEW

The Court's review is limited to determining whether the Commissioner's decision followed proper legal standards and whether the Commissioner's findings are supported by substantial evidence . *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Under this deferential standard, courts will not substitute their judgment for that of the ALJ. *Id.* The Court does not resolve evidentiary conflicts or decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Interpretations of statutes and agency regulations are questions of law, which the Court will review de novo. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

### IV.   ANALYSIS

#### A.   **The five-step process and the residual functional capacity**

In deciding whether to award disability benefits, the ALJ must proceed through a five-step analysis. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). At step one, the ALJ determines whether the applicant is gainfully employed. 20 C.F.R. §

404.1520(b). At step two, the issue is whether the applicant suffers from any serious physical or mental impairments. *Id.* at § 1520©. Assuming the answer is yes, the ALJ then considers whether the applicant's impairments are among those listed in Social Security regulations, such that the applicant is presumed disabled. *Id.* at § 1520(d).

Neither party disputes the ALJ's fact finding with regards to the first three steps: Plaintiff is not currently employed and does suffer from some significant impairments, but none of these impairments are among those listed in agency regulations. The ALJ found as much in his written opinion. (Doc. # 7-1 at 21).

If a claimant's impairments fail to qualify as a listed impairment under agency regulations, the ALJ must then prepare a residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This RFC is used at both steps four and five of the decision making process. *Id.* at § 1520(a)(4). At step four, the ALJ decides, in light of the RFC, whether the claimant can perform any past relevant work. *Id.* at § 1520(a)(4)(iv). If so, then the claimant is not eligible for benefits. *Id.* If not, the ALJ then considers alternative work the claimant could do, and determines whether enough of that work exists in the national economy to preclude an award of disability benefits. *Id.* at § 1520(a)(4)(v). This determination is based in part on the RFC, which guides the ALJ regarding the type of work the claimant might be able to perform. *Id.* Importantly for this case, the ALJ may also rely on the testimony of a vocational expert, who advises the ALJ on the work available to a person similarly situated to the claimant. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

## B. The ALJ failed to account for Plaintiff's mental limitations

On appeal, Plaintiff argues that the ALJ erred by not incorporating Plaintiff's mental limitations into the RFC. This argument is unavailing. However, in her various filings, Plaintiff alludes to a more serious ALJ error: that before testifying, the vocational expert (VE) was not supplied with an accurate hypothetical.

At the later steps of the sequential process, ALJs are allowed to rely on the testimony of VEs to determine whether a claimant can perform other work that exists in the economy, but only if that testimony is based on a "question [that] accurately portrays [plaintiff's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (citations omitted). Essentially, the VE's testimony is of little help to the ALJ unless the VE is testifying about the *claimant*'s–and not someone else's–limitations. Here, the ALJ failed to accurately describe Plaintiff's limitations to the VE. Consequently, the testimony the VE provided does not constitute substantial evidence.

*Howard v. Commissioner* provides guidance on the requirements of the hypothetical supplied to the VE. That case involved a claimant whose initial claim for disability was denied. *Howard*, 276 F.3d at 235. During the claimant's hearing before the ALJ, the ALJ supplied a VE with two hypothetical questions–one that incorporated all of the Plaintiff's limitations and one that did not. *Id.* at 238-39. When the VE considered the more restrictive hypothetical, he advised that the claimant was disabled; when the VE did not consider all of the claimant's limitations, he found that the claimant could do work. *Id.* The ALJ, disregarding the testimony based on the more restrictive hypothetical, found that the that the claimant could perform a number of jobs. *Id.* Notably, the Circuit specified that an

RFC assessment differs from a hypothetical supplied to the VE: "while the RFC should focus on Howard's abilities or, in other words, what Howard can and cannot do, the hypothetical question should focus on Howard's overall state including Howard's mental and physical maladies." *Id.* at 239.

The ALJ's decision was not supported by substantial evidence, held the Sixth Circuit, because the VE's testimony was based on an inaccurate hypothetical. *Id.* at 241. Notably, the Sixth Circuit questioned the ALJ's selective use of the record evidence–that the ALJ arbitrarily incorporated some of Plaintiff's ailments while ignoring others. *Id.* The ALJ was free to weigh the evidence as he saw fit, yet it was odd to find that the claimant did in fact suffer from a physical limitation and then fail to incorporate that limitation into a hypothetical. *Id.* "The ALJ did find that Howard suffered from degenerative disc disease and osteoarthritis. But this finding was not included in the hypothetical question posed to the VE as it should have been." *Id.*

The facts of *Howard* are very similar to those in this case. The ALJ offered two hypotheticals to the VE. (Doc. # 7-1, at 76-77). The first hypothetical assumed that Plaintiff had no mental limitations, and on the basis of that hypothetical, the VE advised that at least two jobs existed that Plaintiff could perform. (*Id.*) The second hypothetical assumed that Plaintiff was "limited to doing simple to moderately complex or detailed tasks that do not have strict time production standards." (*Id.*) Based on this hypothetical, the VE found that Plaintiff could perform no jobs.

The problem here is that, by the ALJ's own admission, Plaintiff apparently did suffer from *some* mental limitations. It's not as if the ALJ, after weighing the evidence, rejected the possibility that Plaintiff had any mental illness. In fact, the ALJ found that Plaintiff has

5

mild difficulties in social functioning and mild difficulties in maintaining concentration. (Doc. # 7-1, at 18). The ALJ is free to weigh conflicting parts of the record. The ALJ may even reject the opinion of this or that VE, assuming substantial evidence exists to support her conclusion. Yet the ALJ's determination here is a bridge too far: ALJ Smith cannot simultaneously find that Plaintiff suffers from some mental impairments and then heavily rely on VE testimony that assumes Plaintiff suffers from none.

This mirrors the Sixth Circuit's holding in *Howard*. There, the ALJ found that the claimant suffered from degenerative disc disease but then failed to include that finding in the hypothetical supplied to the VE. Here, the ALJ found that the claimant suffered from mental illness but then failed to include that finding in the hypothetical supplied to the VE. The time is different, and the maladies are different, but the ALJs' respective errors are the same.

In her memorandum, Defendant elides this fact. Defendant argues, for instance, that the ALJ was right to exclude mental limitations from the RFC. Defendant then exhaustively documents the opinion evidence that supports the ALJ's RFC determination. (Doc. # 13, at 4-7). This is correct as far as it goes, but *Howard* makes clear that the RFC determination is different from the hypothetical supplied to the VE: An "RFC is to be an 'assessment of [claimant's] remaining capacity for work' once her limitations have been taken into account....The hypothetical question posed to a VE for purposes of determining whether [claimant] can perform other work, on the other hand, should be a more complete assessment of her physical and mental state." *Howard*, 276 F.3d at 239 (quoting 20 C.F.R. § 416.945).

So while the Court does not accept Plaintiff's claim that the RFC suffers from serious flaws,[1] this does not save the ALJ's written opinion. The ALJ had the burden at Step 5 to show that enough jobs exist that Plaintiff could perform. Because that Step 5 decision largely relied on defective VE testimony, the ALJ's findings were not supported by substantial evidence.

### C. Addressing Plaintiff's second argument is unnecessary.

Plaintiff also argues that the ALJ erred by finding, at Step 5, that Plaintiff could perform a sufficient number of jobs in the national economy to preclude an award of disability. Addressing this argument is unnecessary, as it is largely redundant to issues discussed above. The ALJ's decision at Step 5 was based in part on the VE's testimony. Because the ALJ must revisit that testimony for the reasons stated above, any final disability determination would necessarily be based on any new information that comes to light on remand. If, on remand, the ALJ's decision is unfavorable and Plaintiff continues to disagree with the Step 5 determination, she is free to appeal that decision, as well.

### V. CONCLUSION

For the reasons stated above, the Commissioner's decision was not supported by substantial evidence. This does not mean that Plaintiff is automatically entitled to benefits.

---

[1] The ALJ documented a number of reasons that justified the omission of Plaintiff's mental ailments from the RFC. Plaintiff argued that she couldn't concentrate, but her "extensive reading and television watching...indicate her concentration is not significantly impaired." (Doc. # 7-1, at 21). The ALJ also cited evidence from Dr. Cho–a treating psychiatrist–indicating that Plaintiff's "memory and concentration were intact." (Id.) Further, another physician wrote in his treating notes that Plaintiff's disability application was partly motivated by her desire for Medicare. (Id.) Given this information, and other parts of the record on which the ALJ relied, substantial evidence existed for the RFC determination.

It does, however, mean that the Commissioner must take a second look at Plaintiff's application. After it does so, any decision rendered on Plaintiff's claim must be supported by substantial evidence. Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's Motion for Summary Judgment is **granted**;

(2) Defendant's Motion for Summary Judgment is **denied**;

(3) This case is **remanded** to the Social Security Administration for proceedings consistent with this opinion.

(4) A judgment shall be entered concurrently with this opinion.

This 20th day of March, 2014.

Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\Covington\2-13-47 MOO.wpd